**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:06-CR-00114-TBR**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | |
| **BRIAN SEAN MCCLENDON** | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Brian Sean McClendon's *pro se* Motion Seeking Relief under 18 U.S.C. § 3582(c)(1)(A)—First Step Act. [DN 250]. The United States responded. [DN 260]. Defendant replied and filed a Supplemental Motion. [DN 266; DN 267]. As such, this matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**I.  Background**

On November 1, 2007, a jury found McClendon guilty of one count of "Interference with Commerce by Threat or Violence and Aiding and Abetting Same," i.e. robbery, under 18 U.S.C. § 1951(a) and 2, and one count of "Possession with Intent to Distribute 500 grams or more of Cocaine" under 21 U.S.C. § 841(a). [DN 137; DN 149]. His criminal history category, regardless of his career offender status, was the highest possible Category VI. [DN 152 at 22]. His total offense level was 34 with an upward enhancement to 37 because of his classification as a career offender. *Id.* at 6. On January 22, 2008, Defendant was sentenced to 240 months for the robbery and 360 months for the cocaine related charge to be served concurrently for a total term of 360 months. [DN 149 at 3; DN 169]. McClendon has served less than 180 months of that 360-month

sentence and now asks the Court to reduce his sentence to twenty years or time served under 18 U.S.C. § 3582(c)(1)(A)—The First Step Act. [DN 250].

## II. Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

> "The court may not modify a term of imprisonment once it has been imposed except that-
>
>> (1) In any case—
>>
>>> (A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
>>>
>>>> *(i)    extraordinary and compelling reasons warrant such a reduction ..."*

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release

request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court." *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent

with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III. Discussion

#### A. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On July 28, 2020, Defendant sent a request for a reduction in his sentence pursuant to the BOP's Program Statement 5050.50 to the Warden of his facility, based on "'extraordinary and compelling circumstances' [] which could not have been foreseen by [his] sentencing court at the

4

time of [his] sentencing in 2008." [DN 250-1 at 3–4]. The Warden responded denying Defendant's request on August 21, 2020. *Id.* at 1–2. Accordingly, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

### B. Extraordinary and Compelling Reasons

Because McClendon has exhausted his administrative remedies, the Court now considers whether there are "extraordinary and compelling reasons" that justify a reduction of his sentence. "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20. But "the mere fact that defining *extraordinary and compelling* 'is left to the district court's discretion . . . does not mean that no legal standard governs that discretion.'" *United States v. Hunter*, No. 21-1275, 2021 WL 3855665, at *4 (6th Cir. Aug. 30, 2021) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)). Those words still have their ordinary meaning. *Id.* When Congress enacted the statute in 1984, "'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *Id.* (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). And "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.* (citing Webster's Third New International Dictionary at 463).

In support of his request for compassionate release, Defendant primarily argues that Congress's enactment of the First Step Act, and a change in Ohio law no longer classifying his prior "serious drug felonies" as such, creates a sentencing disparity between what he would receive if sentenced today verses when he was sentenced in 2008. [DN 250 at 4–5]. The state and federal statutory changes in combination with his post-sentencing rehabilitation, Defendant argues, form "reasonably unforeseen circumstances by the court at the time of sentencing that constitute extraordinary and compelling reasons" warranting relief. *Id.* Upon review, the Court finds that

Defendant has failed to establish extraordinary and compelling reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A).

In a series of recent cases, the Sixth Circuit has grappled with the idea of using sentencing disparities created by statutory changes as an "extraordinary and compelling" reason for a sentence reduction under § 3582(c)(1)(A). *See United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021); *United States v. Wills*, 991 F.3d 720 (6th Cir. 2021); *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021); *United States v. Hunter*, No. 21-1275, 2021 WL 3855665 (6th Cir. Aug. 30, 2021). In the most recent decision by the Sixth Circuit on the matter, the Court held that "non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—cannot be used to find "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A)(i)." *Hunter*, No. 21-1275, 2021 WL 3855665, at *5 (citing *Jarvis*, 999 F.3d at 445-46; *Wills*, 991 F.3d at 723-24; *Tomes*, 990 F.3d at 505).

Section 403 of the First Step Act "expressly prohibits" retroactivity by limiting applicability to sentences that had not yet been imposed at the time of enactment. [DN 557 at 3]; *see also*, Pub. L. No. 115-391, 132 Stat. 5194. As is the "ordinary practice" in federal sentencing "to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Wills*, 991 F.3d at 723-24 (quoting *Dorsey v. United States*, 567 U.S. 260, 280, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012)). The Sixth Circuit determined that what is considered an "ordinary practice" by the Supreme Court "cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Hunter*, No. 21-1275, 2021 WL 3855665, at *5 (citing *Wills*, 991 F.3d at 724). "Since sentencing disparities are a natural result of the First Step Act, they are not an extraordinary and compelling reason for a sentence reduction." *Owens*, 996 F.3d at 765 (Thapar, J., dissenting). This means that courts cannot "treat the First Step Act's non-

retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction." *Jarvis*, 999 F.3d at 445. As the Sixth Circuit has made clear, § 3582(c)(1)(A) is not "an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Tomes*, 990 F.3d at 505. Considering this legal landscape, the Court concludes that the weight of Sixth Circuit authority supports the *Hunter* decision, and as such, the Court will follow that approach. Therefore, because McClendon was sentenced in 2008, making § 403 inapplicable to his judgment, and non-retroactive statute changes cannot be considered an "extraordinary and compelling" reason, Defendant's sentencing disparity does not weigh in favor of a reduced sentence.

Likewise, the modification of Ohio law that Defendant argues would change his classification as a career offender if sentenced today should be treated in the same regard as the federal statutory changes. Defendant argues that this change constitutes an extraordinary and compelling justification for a reduced sentence. The Government responded that "according the [Presentencing Report] in McClendon's case, his total offense level, without the career offender enhancement, was 34 and his criminal history score was 17, resulting in a Criminal History Category VI." [DN 260 at 8]. This means that his "guideline range without the career offender enhancement was 262-327 months." *Id.* As such, a reduction of his sentence to twenty years, or 240 months as McClendon requests, would not be proper. Furthermore, under the same reasoning as above for the First Step Act changes, a non-retroactive change in the Ohio state law is insufficient to satisfy the extraordinary or compelling requirement for compassionate release.

Finally, Defendant argues that he has "demonstrated full rehabilitation and does not pose a risk of recidivism or a threat of harm to the public, such that no penological purpose is served by [his] continued incarceration." [DN 250 at 4]. However, "rehabilitation is specifically excluded as

7

an independent basis for compassionate release." *United States v. Wieber*, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). The Court applauds the actions McClendon has taken, but because he was unable to show an extraordinary and compelling reason for release, this motion must be denied.

### C. 18 U.S.C. § 3553(a) Factors

Considering the totality of Defendant's circumstances, Defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Defendant is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

(5) any pertinent policy statement ... by the Sentencing Commission;

8

>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. In the present case, the "nature and circumstances" of Defendant's crimes weigh heavily against relief. Defendant was convicted of one count of robbery and conspiring to traffic cocaine. [DN 169]. During the offense one of McClendon's codefendants "put [a] weapon first to the guard's right temple and then directly between the guard's eyes." [DN 152 at 3]. Though Defendant himself did not carry a gun during the robbery, he was the individual who planned out the robbery and recruited support. *Id.* at 2–3. Additionally, these convictions were not his first criminal offense. As the Court stated during sentencing, McClendon's criminal history "is lengthy indeed." [DN 169 at 28]. Defendant shows "a propensity toward violence." *Id.* He has an extensive history of "involvement with drugs." *Id.* Further he has "demonstrated a disregard for the authority of the Courts." *Id.* Though the sentencing guidelines have since been modified, this change does not apply retroactively, and Defendant has failed to provide an extraordinary or compelling reason to adjust his original sentence. The Court finds that releasing Defendant after 240 months, or at time served, of his 360-month sentence would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, and would be unjust in light of the serious nature of his crimes. Accordingly, the Court finds that the nature and circumstances of the present offense and Defendant's history and characteristics do not support relief. Therefore, the Court must deny Defendant's motion.

## IV. Conclusion

For the reasons state, **IT IS HEREBY ORDRED** that Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**. [DN 250].

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

October 21, 2021

cc: counsel

**Brian Sean McClendon**, *pro se*
10038-033
FLORENCE HIGH
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 7000
FLORENCE, CO 81226

10