UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Plaintiff |
| v. | Criminal Action No. 3:06-CR-00114 |
| BRIAN SEAN MCCLENDON | Defendant |

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Brian Sean McClendon ("McClendon") moves this Court "to exercise its discretionary authority pursuant to 18 U.S.C. §3582(c)(1)(A), and grant compassionate release in the form of a reduction in sentence pursuant to U.S.S.G. §1B1.13(b)(6)." [DE 272 at 4170]. The United States responded in opposition. [DE 279]. McClendon appealed to the Sixth Circuit prior to any ruling [DE 283] and then, two months later, replied to this Court regarding his original motion [DE 285]. The Sixth Circuit dismissed the appeal for lack of jurisdiction. [DE 286; DE 287]. For the reasons below, McClendon's motion for compassionate release [DE 272] is **DENIED**.

**I.    BACKGROUND**

On November 1, 2007, a jury found McClendon guilty of one count of "Interference with Commerce by Threat or Violence and Aiding and Abetting Same," i.e. robbery, under 18 U.S.C. § 1951(a) and 2, and one count of "Possession with Intent to Distribute 500 grams or more of Cocaine" under 21 U.S.C. § 841(a). [DE 137; DE 149]. His criminal history category, regardless of his career offender status, was the highest possible Category VI. [DE 152 at 4258]. His total offense level was 34 with an upward enhancement to 37 because of his classification as a career offender. *Id.* at 4242. On January 22, 2008, McClendon was sentenced to 240 months for the

1

robbery and 360 months for the cocaine related charge to be served concurrently for a total term of 360 months. [DE 149 at 3; DE 169].

In 2023, McClendon moved for compassionate release [DE 250]. That motion was denied for lack of extraordinary and compelling reason for release. [DE 271 at 4167]. He has now served over 17 years of that 360-month (30 year) sentence and asks the Court to reduce his sentence under U.S.S.G. § 1B1.13(b)(6) as an unusually long sentence. [DE 272].

**II. ANALYSIS**

   *A. Motion for Compassionate Release [DE 82].*

   a. <u>Exhaustion of Administrative Remedies.</u>

An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (describing statutory changes to exhaustion process). This exhaustion requirement is waivable, not jurisdictional—but becomes "mandatory" if the Government invokes it. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Taylor*, No. 20-3642, 2020 WL 7383648, at *1 (6th Cir. Nov. 9, 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).

McClendon appears to have requested compassionate release from the BOP warden at his place of incarceration based upon an email provided by BOP. [DE 272 at 4178]. McClendon filed his motion on March 24, 2025, and thus, more than thirty days have passed since McClendon's initial request to BOP. As a result, pursuant to 18 U.S.C. § 3582(c)(1)(A), this Court has

2

jurisdiction to hear this matter. The United States does not oppose a finding of exhaustion. [DE 279 at 4206].

      b.   Sixth Circuit "Three-Step Inquiry."

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Id.* at 1101-02.

After addressing exhaustion, district courts apply a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *McCall*, 56 F.4th at 1054 (quotations omitted). District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. *Elias*, 984 F.3d at 519.

18 U.S.C. § 3582(c)(1)(A) does not describe what constitutes "extraordinary and compelling reasons," but an "applicable policy statement[ ] issued by the Sentencing Commission" does. *See United States v. Sandlain*, No. 24-1680, 2025 WL 476247, at *1 (6th Cir. Feb. 10, 2025) (noting that U.S.S.G. § 1B1.13, as recently amended, "now applies to compassionate-release

3

motions filed by defendants, and it provides examples of circumstances that qualify as extraordinary or compelling reasons for granting compassionate release"). U.S.S.G. § 1B1.13 provides that "extraordinary and compelling reasons" include (1) serious medical circumstances, (2) a defendant's advanced age, (3) certain family circumstances, and (4) physical or sexual abuse suffered by the defendant while incarcerated. U.S.S.G. § 1B1.13(b)(1)–(4). The policy statement also includes a fifth provision for any "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5). A sixth provision defines extraordinary and compelling reasons to include an "unusually long sentence" imposed before a change in sentencing law. U.S.S.G. § 1B1.13(b)(6). The Sixth Circuit, however, has held this provision invalid. *See United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025); *United States v. George*, No. 14-CR-20119, 2025 WL 2759563, at *2 n.1 (E.D. Mich. Sept. 29, 2025).

The § 3553(a) factors to be considered include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)).

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or

4

vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 980 F.3d at 1114; *United States v. Ruffin*, 978 F.3d 1000, at 1008-09; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"). But post-sentencing rehabilitation, standing alone, "does not rise to the level of an extraordinary and compelling reason for granting compassionate release." *United States v. Harper*, No. 22-1291, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023); *Jackson*, 2023 WL 9023349, at *2 (citing *Ruffin*, 978 F.3d at 1004 (6th Cir. 2020)).

The defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 611 F.Supp.3d 395, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

    c.  <u>No Extraordinary and Compelling Reasons Warrant Early Release</u>

McClendon asserts only U.S.S.G. § 1B1.13(b)(6) as the basis for his motion, noting that his prior motion was denied for lack of an extraordinary and compelling reason. [DE 272 at 4172-73]. As McClendon concedes [DE 285 at 4269] the Sixth Circuit has held that U.S.S.G. § 1B1.13(b)(6) is invalid because the Sentencing Commission overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers. *Bricker*, 135 F.4th at 430.

The Sixth Circuit in *Bricker* specifically addressed whether the Sentencing Commission has the "power to overrule a Circuit Court's interpretation of a statute or to promulgate a policy statement that contradicts other federal statutes." 135 F.4th at 430. The Sixth Circuit "definitively answered 'no.'" *United States v. Harper*, No. 2:11-CR-20188-GAD-RSW-2, 2025 WL 1710224, at *4 (E.D. Mich. June 18, 2025) (quoting *Bricker*, 135 F.4th at 430). Specifically, the Sixth

5

Circuit held that § 1B1.13(b)(6) is entirely "invalid" because (1) the Sentencing Commission exceeded its delegated authority in promulgating it, and (2) it violated separation-of-powers principles by "forcing a judge to accept the Commission's interpretation of a law . . . and by transferring the judiciary's interpretive judgment to the Commission." *Bricker*, 135 F.4th at 435–49. As a result, the Sixth Circuit reiterated that "'[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop.'" *Bricker*, 135 F.4th at 434, 438 (quoting *United States v. McCall*, 56 F.4th at 1066).

As McClendon's arguments concerning nonretroactive legal developments and sentencing disparities are grounded in § 1B1.13(b)(6), such arguments are foreclosed and are not extraordinary and compelling reasons warranting release. *See, e.g., United States v. Brazil*, No. 1:22-CR-20239, 2025 WL 2945729, at *3–4 (E.D. Mich. Oct. 17, 2025); *United States v. Walker*, No. CR 15-20262, 2025 WL 1419927, at *2 (E.D. Mich. May 16, 2025); *United States v. Carpenter*, No. 1:15-CR-26, 2025 WL 1413586, at *3 (S.D. Ohio May 15, 2025); *United States v. Pinke*, No. CR 7:09-001-DCR, 2025 WL 1600934, at *2 (E.D. Ky. June 5, 2025); *United States v. Davidson*, No. 3:08-CR-169, 2025 WL 1243902, at *4 (E.D. Tenn. Apr. 29, 2025). Further, this Court will not hold the motion in abeyance, but certainly, McClendon may renew his motion if warranted after the pending appeals are determined.

McClendon also asserts collateral attack. However, the Sixth Circuit has previously determined that this same argument cannot support relief on collateral attack. *See Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019) ("[Defendant] cannot use § 2255 – or our decision in Havis – to attack collaterally his designation as career offender under the Sentencing Guidelines").

Finally, while McClendon again mentions his rehabilitation, it is well settled that rehabilitation by itself cannot serve as independent reason for compassionate release. *Lawrence v.*

*United States*, 570 F. Supp. 3d 524, 529 (W.D. Ky. 2021) ("rehabilitation is specifically excluded as an independent basis for compassionate release."); *United States v. Wieber*, Case No. 3:14-CR-74-TBR, 2020 WL 1492907 at *3 (W.D. Ky. Mar. 27, 2020) (collecting cases holding that rehabilitation is not a sufficient basis for compassionate release). The Court acknowledges these efforts and applauds his actions, but because McClendon was unable to show another extraordinary and compelling reason for release, such release cannot be granted on rehabilitation grounds alone. *Lawrence*, 570 F. Supp. 3d at 529.

    d. <u>Section 3553(a) Factors</u>

This Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. Section 3553(a)'s factors include:

> The nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a)(1-2). A court need not "specifically articulat[e]" every single Section 3553(a) factor in its analysis. *Jones*, 980 F.3d at 1114 (internal quotation and citation omitted). Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* at 1112.

Here, the Section 3553(a) factors counsel against compassionate release and this Court agrees with the prior assessment of the 3553(a) factors set forth in the first order denying compassionate release.

> …the 'nature and circumstances' of Defendant's crimes weigh heavily against relief. Defendant was convicted of one count of robbery and conspiring to traffic cocaine. [DN 169]. During the offense one of McClendon's codefendants 'put [a] weapon first to the guard's right temple and then directly between the guard's eyes.' [DN 152 at 3]. Though Defendant himself did not carry a gun during the robbery, he was the individual who planned out the robbery and recruited support. *Id.* at 2–3. Additionally, these convictions were not his first criminal offense. As the Court stated during sentencing, McClendon's criminal history 'is lengthy indeed.' [DN 169 at 28]. Defendant shows 'a propensity toward violence.' *Id.* He has an extensive history of 'involvement with drugs.' *Id.* Further he has 'demonstrated a disregard for the authority of the Courts.' *Id.*

[DE 271 at 4168]. Accordingly, the Court finds that the nature and circumstances of the present offense and McClendon's history and characteristics do not support relief.

After reviewing the Presentence Investigation Report ("PSR") and statement of reasons and judgment, the Court's sentence adequately reflected the seriousness of the offenses, promoted respect for the law, provided just punishment, afforded adequate deterrence of future criminal conduct, and protected the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release in this case.

## II.  CONCLUSION

For all the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant McClendon's motion for compassionate release [DE 272] is **DENIED**.

January 6, 2026

Rebecca Grady Jennings, District Judge
United States District Court

cc:   Defendant, *pro se*

8